IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JOHN MCERLAIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PARK PLAZA TOWERS OWNERS ASSOCIATION, et al.,<br><br>　　　　Defendants.　　　　　　　　／ | No. C-13-3232 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION** |

　　　Before the Court is the "Special Anti-SLAPP Motion to Strike Second, Third, Fourth and Fifth Causes of Action of Plaintiff's Amended Complaint," filed by defendants on October 4, 2013. Plaintiff Patrick John McErlain has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

　　　In the operative complaint, the Amended Complaint for Violations of Civil Rights ("AC"), plaintiff alleges he is "mentally disabled by reason of a diagnosed bipolar disorder" and that he "resides and owns property at the Park Plaza Towers condominium" in Burlingame, California. (See AC ¶¶ 1, 8.)[2] According to plaintiff, defendants "have

---

　　　[1] By order filed January 22, 2014, the Court took the matter under submission.

　　　[2] In a declaration submitted in support of his opposition, plaintiff states he lives in a unit owned by his mother and also owns a separate unit rented to a tenant. (See McErlain Decl. ¶ 2.)

engaged in a coordinated effort to deprive him of his civil rights and his right to enjoy and live in his home." (See AC ¶ 1.) In particular, plaintiff alleges, defendants have engaged in a "conspiracy and actions designed to oust [p]laintiff from his residence because of his disability." (See AC ¶ 2.) In his First, Second, and Third Causes of Action, plaintiff alleges defendants' conduct constitutes disability discrimination in violation of, respectively, (1) the Federal Fair Housing Act, 42 U.S.C. § 3604, (2) the Fair Employment and Housing Act, California Government Code §§ 12900-12996, and (3) the Unruh Civil Rights Act, California Civil Code § 51; additionally, in his Fifth Cause of Action, plaintiff alleges such conduct constitutes negligent and intentional infliction of emotional distress, and, in his Fourth Cause of Action, titled "Defamation," plaintiff alleges defendants have made false statements about him to other residents of the Park Plaza Towers. (See AC ¶¶ 27, 37, 40, 55-56.)

By the instant motion, defendants seek an order striking plaintiff's state law claims, specifically, the Second through Fifth Causes of Action, pursuant to § 425.16 of the California Civil Code. Under § 425.16, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claims." See Cal. Civil Code § 425.16(b)(1).

The first step in ruling on a motion to strike under § 425.16 is to determine whether the moving defendant has made a "threshold showing" that "the act or acts of which the plaintiff complains were taken in furtherance of the defendant's right of petition or free speech." See Equilon Enterprises, LLC v. Consumer Cause, Inc., 29 Cal. 4th 53, 67 (2002) (internal quotation, alteration, and citation omitted). In particular, the defendant must show "the act which forms the basis for the plaintiff's cause of action" is "an act in furtherance of the right of petition or free speech." See id. at 66 (internal quotation and citation omitted).

1    Here, defendants' motion relies on three acts, specifically, (1) certain of the
defendants' having applied for and obtained restraining orders against plaintiff,
(2) defendant Park Plaza Towers Owners Association's having filed against plaintiff a
lawsuit seeking an order enjoining plaintiff from living at the Park Plaza Towers, and (3)
defendant Julie Robles' having contacted the San Mateo District Attorney's Office about
conduct by plaintiff she believed to be criminal in nature.

   With respect to the latter two of the above-identified acts, the Court finds defendants
have failed to meet their burden, because the AC includes no allegations concerning the
association's lawsuit or Julie Robles's contacts with the District Attorney, i.e., those acts
are not matters of which plaintiff "complains" in the AC.  See Equilon Enterprises, 29 Cal.
4th at 67; see also City of Cotati v. Cashman, 29 Cal. 4th 69, 76-81 (2002) (holding "the
mere fact an action was filed after protected activity took place does not mean it arose from
that activity"; rejecting defendant's argument that plaintiff's complaint "arose" from
defendant's having previously filed lawsuit, where plaintiff's complaint "contain[ed] no
reference to the [defendant's] action").

   With respect to the first of the above-identified acts, the AC does expressly refer to
some of the defendants' seeking and obtaining restraining orders (see AC ¶ 18), which
conduct falls within the right to petition, see Ludwig v. Superior Court, 37 Cal. App. 4th 8,
19 (1995) (holding "constitutional right to petition" includes "filing litigation or otherwise
seeking administrative action").  A defendant, however, does not meet its burden to
establish the plaintiff's claims arise from protected activity "simply because the complaint
contains some references to speech or petitioning activity"; rather, the defendant must
show the "protected speech" is the "gravamen or principal thrust of the claims asserted."
See Martinez v. Metabolife Int'l, Inc., 113 Cal. App. 4th 181, 188 (2004).

   In applying this principal when considering whether complaints alleging
discrimination arise from protected activity, the California Court of Appeal has focused on
the nature of the challenged adverse action, rather than on the fact that the defendant may
have, at least in part, accomplished the challenged adverse action by engaging in

1  protected activity.  In Department of Fair Employment & Housing v. 1105 Alta Loma Road
2  Apartments, LLC, 154 Cal. App. 4th 1273 (2007), for example, the complaint alleged that a
3  landlord had served an eviction notice on an assertedly disabled tenant, declined to
4  provide her an extension of time to relocate and, instead, instituted "multiple eviction
5  proceedings." See id. at 1284.  The Court of Appeal found the complaint did not arise from
6  protected activity because the "gravamen of [plaintiff's] action was one for disability
7  discrimination, and was not an attack on any act [the landlord] committed during the rental
8  property removal process or during the eviction process itself." See id.  Rather, the Court
9  of Appeal found, the "filing of unlawful detainer actions constituted [plaintiff's] evidence of
10 [the landlord's] alleged disability discrimination," which in the subject case was a
11 discriminatory failure to extend the tenancy.  See id. at 1284-85 (emphasis in original).

12       Similarly, in Martin v. Inland Empire Utilities Agency, 198 Cal. App. 4th 611 (2011),
13 the plaintiff, a public agency employee alleging racial discrimination and retaliation, brought
14 an action challenging his demotion.  Although the plaintiff alleged that his supervisor had
15 successfully advocated before the agency's board in support of the plaintiff's demotion, the
16 Court of Appeal found the complaint "[did] not arise from any purported exercise of
17 defendants' privileged government acts" and was "not an attack on [plaintiff's supervisor] or
18 the board for their evaluations of plaintiff's performance as an employee"; rather, the Court
19 of Appeal reasoned, "the pleadings establish[ed] that the gravamen of plaintiff's action
20 against defendants was one of racial and retaliatory discrimination." See id. at 624-25.

21       Here, plaintiff argues, and the Court agrees, that the gravamen or principal thrust of
22 the claims asserted is not a challenge to defendants' having sought and obtained
23 restraining orders.  Rather, the gravamen of the claims is that defendants, because of a
24 discriminatory animus based on plaintiff's disability, have attempted to constructively evict
25 plaintiff from the Park Plaza Towers (see AC ¶¶ 1, 15, 16, 22, 25), by engaging in
26 harassing conduct at the Park Plaza Towers (see, e.g., AC ¶ 29 (alleging defendants have
27 defaced documents plaintiff posted in common areas); AC ¶ 30 (alleging defendants have
28 falsely accused plaintiff of allowing his dog to defecate in common areas, while "allow[ing]"

other residents' pets to engage in that behavior); AC ¶ 31 (alleging male resident "exposed himself" to plaintiff in common area), AC ¶ 32 (alleging female residents have made "obscene gestures" to plaintiff); AC ¶ 34 (alleging resident was permitted to install camera directly aimed at plaintiff's parking space); AC ¶ 37 (alleging defendants have falsely accused plaintiff of tampering with mail).)  Although, as was the eviction notice in <u>1105 Alta Loma Road Apartments</u>, the applications for restraining orders may constitute evidence of defendants' efforts to cause a constructive eviction, the AC cannot fairly be characterized as a challenge to those applications.  <u>See</u> <u>1105 Alta Loma Road Apartments</u>, 154 Cal. App. 4th at 1284-85; <u>see</u> <u>also</u> <u>Kelly v. 7-Eleven, Inc.</u>, 2009 WL 3388379, *1, *3 (S.D. Cal. October 20, 2009) (holding, where disabled plaintiff alleged "pattern of discrimination related to parking access barriers," gravamen of claims was "failure to provide accessible parking"; finding plaintiff's additional allegation that defendants had employed "attorneys to engage in protracted litigation . . . to avoid ADA compliance" was "incidental to the principle thrust of [p]laintiff's claim").

Accordingly, defendants' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  February 3, 2014

MAXINE M. CHESNEY
United States District Judge