IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JOHN MCERLAIN,<br><br>    Plaintiff,<br>  v.<br><br>PARK PLAZA TOWERS OWNERS ASSOCIATION, et al.,<br><br>    Defendants.<br>_____ / | No. C-13-3232 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; VACATING HEARING** |

Before the Court is defendants' "Motion for Judgment on the Pleadings Pursuant to FRCP 12(c)," filed July 8, 2014. Plaintiff Patrick McErlain ("McErlain") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for August 15, 2014, and rules as follows.

**BACKGROUND**

In the operative complaint, the Amended Complaint filed July 16, 2013 ("AC"), McErlain alleges he "resides and owns property at the Park Plaza Towers condominium" in Burlingame, California, and is "mentally disabled by reason of a diagnosed bipolar disorder." (See AC ¶ 1.) McErlain's claims arise from his allegation that the thirteen defendants named in the AC have "engaged in a coordinated effort to deprive him of his

civil rights and his right to enjoy and live in his home" (see id.), and, in particular, that said defendants have engaged in a "conspiracy and actions designed to oust [McErlain] from his residence because of his disability" (see AC ¶ 2). Three of the defendants, specifically, the Park Plaza Towers Owners Association, Behling Property Management Corp., and David Behling, are alleged to "own, operate, maintain and/or control the common areas" of the Park Plaza Towers (see AC ¶ 11); the remaining ten defendants, specifically, Joseph Schreurs, Ladonna Horwitz, Nyla Starr, Sherry Berenstein, Julie Robles, Cynthia Schreurs, Tracy Fallon, Norma Berliner-Saltz, Tim Ho, and Dennis Gale, are alleged to be "board members" or "those in a position to influence board members" (see AC ¶ 12).

  In his First, Second, and Third Causes of Action, McErlain alleges defendants' conduct constitutes disability discrimination in violation of, respectively, (1) the Fair Housing Act, 42 U.S.C. § 3604, (2) the Fair Employment and Housing Act, California Government Code §§ 12900-12996, and (3) the Unruh Civil Rights Act, California Civil Code § 51. In his Fifth Cause of Action, McErlain alleges such conduct constitutes negligent and intentional infliction of emotional distress, and, in his Fourth Cause of Action, titled "Defamation," McErlain alleges said defendants have made false statements about him concerning his conduct at the Park Plaza Towers.

  On July 25, 2012, prior to the filing of the instant action, one of the defendants named herein, the Park Plaza Towers Owners Association (hereinafter, "the HOA"), filed in state court a complaint against McErlain and his mother, Nancy McErlain, alleging causes of action for "nuisance," "breach of contract," and "declaratory relief" (see Defs.' Req. for Judicial Notice, filed July 8, 2014, Ex. A at 1:12-13),[1] and, on February 13, 2013, said defendant filed an Amended Complaint consisting of the same three causes of action (see id. Ex. B at 1:13-14). The HOA's claims arise from its allegations that McErlain, who owns

---

[1] Defendants' unopposed request that the Court take judicial notice of the pleadings filed in the state court action is hereby GRANTED. See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that [a court] may take judicial notice of judicial proceedings in other courts.").

2

1  one unit in the Park Plaza Towers and resides in another unit owned by his mother, has
2  "continuously and systematically engaged in noxious and offensive conduct within the
3  common areas at Park Plaza Towers which has substantially and unreasonably interfered
4  and/or obstructed with the free use and enjoyment of the common areas." (See id. Ex. B
5  ¶ 13.) On March 21, 2013, McErlain filed an answer to the HOA's operative state court
6  complaint (see id. Ex. C); he has not filed a cross-complaint against the HOA.[2] The state
7  court matter remains pending and trial is set to begin November 11, 2014. (See Heaton
8  Decl., filed July 8, 2014, ¶ 5.)

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides as follows: "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." See Fed. R. Civ. P. 12(c). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing;" a Rule 12(c) motion is subject to the same analysis as a motion to dismiss brought under Rule 12(b)(6). See Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir.1989).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir.1986). Although, in ruling on a motion to dismiss, a court generally may not consider material beyond the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), a court may consider matters that are subject to judicial notice, see Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

**DISCUSSION**

Defendants argue that the causes of action alleged by McErlain in the instant case are based on the same "nucleus of operative facts" as the causes of action set forth in the

---

[2] The Court takes judicial notice of the docket of the Superior Court, which docket can be found at http://www.sanmateocourt.org. The docket reflects that, on July 14, 2014, McErlain filed a motion for leave to file a cross-complaint to assert causes of action that, in all material respects, are identical to the causes of action alleged in the instant case.

3

1  HOA's state court action (see Mot. at 2:15-17), and, consequently, can only be brought in a

2  cross-complaint filed in the state court action.  In support thereof, defendants rely on

3  § 426.30(a) of the California Code of Civil Procedure, which provides as follows:

> Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

7  See Cal. Code Civ. Proc. § 426.30(a).

8  For purposes of § 426.30, a "related cause of action" is "a cause of action which

9  arises out of the same transaction, occurrence, or series of transactions or occurrences as

10 the cause of action which the plaintiff alleges in his complaint."  See Cal. Code Civ. Proc.

11 § 426.10(c).  "Because of the liberal construction given to the statute to accomplish its

12 purpose of avoiding a multiplicity of actions, 'transaction' is construed broadly; it . . . may

13 embrace a series of acts or occurrences logically interrelated."  See Align Tech. v. Tran,

14 179 Cal. App. 4th 949, 960 (2009) (internal quotation and citation omitted).

15 Section 426.30 is applicable in federal court proceedings, and, consequently, bars

16 causes of action filed in federal court where those causes of action are "related" to causes

17 of action alleged against the federal plaintiff in a prior state court action filed by the federal

18 defendant.  See, e.g., Cheiker v. Prudential Ins. Co., 820 F.2d 334, 336-37 (9th Cir. 1987)

19 (holding insureds "contract and tort causes of action" against insurer were barred by

20 § 426.30, where causes of action "arose out of the same transaction" as, and thus were

21 "related" to, interpleader cause of action previously filed by insurer against insureds in state

22 court); Brenner v. Mitchum, Jones & Templeton, Inc., 494 F.2d 881, 881-82 and n.2 (9th

23 Cir. 1974) (holding customer's federal securities causes of action against broker were

24 barred by predecessor to § 426.30, where broker's prior state court action against

25 customer "arose out of the same transactions as those complained of by the [customer]").

26 Here, the Court notes at the outset that, although the instant motion is brought on

27 behalf of all thirteen named defendants, the HOA is the sole plaintiff in the state court

28 action on which the instant motion is based.  As the Ninth Circuit has explained, "[u]nder

4

1  the plain language of § 426.30," only "the plaintiff" in the earlier-filed action may seek relief
2  under § 426.30.  See Maldonado v. Harris, 370 F.3d 945, 951-52 (9th Cir. 2004) (holding
3  billboard owner's claims against director of state agency not barred by § 426.30, where
4  director was not "the plaintiff" in prior action filed by state agency against billboard owner,
5  even though owner's claims were "related" to those asserted by agency in prior action).
6  Consequently, no defendant herein other than the HOA is entitled to seek relief under
7  § 426.30.  The Court next considers the motion as it pertains to McErlain's causes of action
8  against the HOA.

9       Defendants argue McErlain's causes of action here are related to the HOA's causes
10  of action in state court.  McErlain does not argue to the contrary, and the Court agrees that
11  the causes of action in the two cases are related within the meaning of § 426.10(c), as both
12  actions arise from the same transaction or series of transactions.  Specifically, the HOA, in
13  the state court action, alleges that McErlain has engaged in particular conduct the HOA
14  characterizes as "noxious and/or offensive," such as "intentionally" leaving "dog feces" in
15  common areas and "physically threaten[ing]" another resident's "care giver" (see Defs.'
16  Req. for Judicial Notice Ex. B ¶ 13), which conduct the HOA alleges is a breach of the
17  "governing documents" of the HOA (see id. Ex. B ¶ 23), thus entitling the HOA to an order
18  enjoining McErlain from owning or living in any unit in the Park Plaza Towers (see id. Ex. B
19  at 19:7-10).  In the instant federal action, McErlain denies engaging in the acts attributed to
20  him in the state action (see, e.g., AC ¶ 30 (denying leaving dog feces in common areas,
21  and instead accusing other residents of doing so)) or describes those events as occurring
22  in a different manner (see, e.g., id. (alleging contact with "the care giver" consisted of
23  "demand[ing]" she "not use a key in violation of the HOA rules")), and characterizes
24  defendants' conduct as "creat[ing] a hostile environment" in an attempt to "force" McErlain
25  to "leave Park Plaza [Towers] by any means available" (see AC ¶ 1, 25).

26       Although McErlain does not dispute the two cases are related, he asserts that
27  § 426.30 is inapplicable to the instant federal action, because, he argues, said statute, like
28  "res judicata and collateral estoppel," does not apply where the first case has not been

1  "brought to judgment." (See Opp'n at 2:5-6, 8-10.)³  Section 426.30, however, contains no
2  language limiting its scope in such manner, and, indeed, uses the word "pending" in
3  reference to the earlier-filed action.  See Cal. Code Civ. Proc. § 426.30(b)(1); see also Cal.
4  Code Civ. Proc. § 426.40(b) (providing exception to § 426.30 where court "in which the
5  action is pending" lacks jurisdiction to hear claim pleaded in later action).  Significantly,
6  McErlain cites no authority holding § 426.30 is inapplicable where the first action remains
7  pending.  Rather, those courts that have considered the issue have found § 426.30 does
8  bar causes of action that are related to an earlier-filed, pending state court action.  See,
9  e.g., Carroll v. Import Motors, Inc., 33 Cal. App. 4th 1429, 1435-36 (1995) (dismissing,
10 pursuant to § 426.30, customer's complaint against auto dealership, where customer's
11 claims were related to those alleged by dealership in earlier-filed pending action; explaining
12 customer's remedy was "to ask leave of the trial court [in the pending action filed by
13 dealership] to file his cross-complaint"); Sierra Environmental Techs. v. Gale, No. 09-3201,
14 2010 U.S. Dist. Lexis 22720, at *2, *4-7 (E.D. Cal. March 11, 2010) (dismissing, pursuant to
15 § 426.30, employer's claims against former employees, where employer's claims were
16 related to those alleged by former employees' in earlier-filed complaint pending in state
17 court).

18      Moreover, as the "legislative purpose" of the statute is to "provide for the settlement,
19 in a single action, of all conflicting claims between the parties arising out of the same
20 transaction," see Align Tech., 179 Cal. App. 4th at 959 (internal quotation and citation
21 omitted), such purpose would be wholly undermined if a party against whom a complaint is
22 filed could commence, and simultaneously pursue, against the complainant a second
23 lawsuit alleging claims arising from that same transaction.

24      Accordingly, to the extent defendants seek judgment on the pleadings with respect
25 to the causes of action alleged here against the HOA, the motion will be granted.

---

³McErlain also contends defendants have failed to show the Court should abstain from deciding his claims pursuant to the "Younger doctrine." (See Pl.'s Opp. at 5:24-25); Younger v. Harris, 401 U.S. 37 (1971). Defendants, however, do not rely on the doctrine set forth in Younger and, consequently, the Court does not further consider this argument.

**CONCLUSION**

For the reasons stated above:

1. To the extent the motion seeks judgment on the pleadings in favor of the HOA, the motion is hereby GRANTED.

2. In all other respects, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  August 12, 2014

MAXINE M. CHESNEY
United States District Judge