IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MCERLAIN,<br><br>    Plaintiff,<br><br>  v.<br><br>PARK PLAZA TOWERS OWNERS ASSOCIATION, et al.,<br><br>    Defendants.<br>_____/ | No. C-13-3232 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; VACATING HEARING** |

      Before the Court is defendants' Motion to Dismiss Complaint, filed October 6, 2014. Plaintiff Patrick McErlain has filed opposition, to which defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for November 14, 2014, and rules as follows.

      In the instant action, plaintiff seeks damages and injunctive relief based on his allegation that defendants Park Plaza Towers Owners Association ("the Association"), Behling Property Management Corporation, property manager David Behling, and ten individual owners have "engaged in a coordinated effort to deprive him of his civil rights and his right to enjoy and live in his home." (See AC ¶ 1.)  Defendants argue the above-

titled action should be dismissed under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), in deference to a state court action brought by the Association, which action arises from the Association's allegation that plaintiff has "substantially and unreasonably interfered with the rights of the Association's members, residents, including their guests and/or caretakers" (see Defs.' Req. for Judicial Notice Ex. 1 ¶ 8), and in which plaintiff has filed a cross-complaint alleging the same claims as he asserts in the instant action (see id. Ex. 2).[1]

Under the Younger doctrine, a federal court is required to abstain from deciding claims for damages and/or injunctive relief where "the prospect of undue interference with state proceedings counsels against federal relief." See Sprint Communications v. Jacobs, 134 S. Ct. 584, 588 (2013). Younger abstention has been recognized as appropriate in deference to three types of state court proceedings: "state criminal proceedings, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." See id. (internal quotations and citation omitted). Here, defendants assert the Association's state court action falls within the third of the above-referenced categories. Plaintiff's federal action, however, has no bearing on the state court's orders or performance of its judicial functions; its challenge is directed exclusively to the conduct of private parties. Cf. Juidice v. Vail, 430 U.S. 327, 330 (1977) (holding abstention under Younger proper where federal plaintiff, after having been found in contempt during course of state court civil proceedings, filed federal action seeking to enjoin state court from "the use of the statutory contempt procedures authorized by [state] law"); see also Sprint Communications, 134 S. Ct. at 592 (citing Juidice as example of third category of state proceedings as to which Younger abstention is proper).

---

[1] Defendants' unopposed request that the Court take judicial notice of the pleadings in the state court action is hereby GRANTED. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding, for purposes of motion to dismiss under Rule 12(b)(6), "court may take judicial notice of matters of public record") (internal quotation and citation omitted).

Accordingly, defendant's motion is hereby DENIED.

Lastly, by order filed October 29, 2014, the Court deferred ruling on defendants' motion for summary judgment until after resolution of the instant motion. The Court will address the scheduling of the motion for summary judgment at the Status Conference scheduled to be conducted on November 14, 2014.

**IT IS SO ORDERED.**

Dated:  November 12, 2014

MAXINE M. CHESNEY
United States District Judge